UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division



FILED
98 NOV 10 PM 2:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

BRENDA WAYNE, )
    Plaintiff; )
)
-vs.- ) No. CV-97-P-1384-S
)
JEFFERSON COUNTY BOARD OF )
EDUCATION, et. al, )
)
    Defendants. )

ENTERED
NOV 10 1998

OPINION

The defendants' Motion for Summary Judgment was considered in chambers on November 3, 1998. For the reasons expressed herein, the motion is due to be granted.

Facts[1]

In February 1995 the plaintiff was hired as a substitute cosmetology instructor at Gilmore-Bell High School after the tenured instructor was terminated for inappropriate sexual conduct. The plaintiff taught through the 1995 school year and returned at the beginning of the next school year. Because the former instructor's appeal of his termination was still pending, the defendant Board of Education told the plaintiff that she would remain a substitute instructor for the 1995-96 school year.

While she was an instructor, the plaintiff received several reprimands. Sharon Wright, the Assistant Principal, reprimanded the plaintiff for failing to remain with her students and for not locking her shop. Wright also claims she talked to the plaintiff about talking to the students

---

[1] The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

and using inappropriate language. Defendant Betty Steiner, the Principal of Gilmore-Bell, reprimanded the plaintiff for being too lax with students, not cleaning the shop, and failing to complete appropriate paperwork. Steiner apparently believed the plaintiff had difficulty disciplining students and managing her classroom.

On June 12, 1996 and June 19, 1996 the Board advertised a cosmetology instructor position in its administrative bulletin. The plaintiff did not find out about the position until the last day to apply. Steiner and the Director of the Board's Vocational Department worked with the plaintiff, making phone calls and allowing her to leave work, so that she could complete an application in time. The Board received four applications for the position.

The plaintiff was interviewed by defendants Steiner and Ellen Harris, the Director of Certificated Personnel. Steiner and Harris also interviewed Wanda Wheat, a white applicant. The applicants were evaluated on several factors, including experience, education, recommendations, information in resumes and personnel files, and the interview. The plaintiff had a college degree in Art Education and was earning credit toward a Masters; Wanda Wheat was working toward a two-year degree in vocational education and had a cosmetology instructor's certificate. Based on Wheat's preparation, portfolio, and enthusiasm, Steiner and Harris thought she had a better interview than the plaintiff did. Although Steiner had personal knowledge of the plaintiff's performance, Harris was not aware of the plaintiff's performance history during the interview process. Additionally, although Wright interviewed Wheat but not the plaintiff, Wright did discuss the plaintiff's qualifications with Steiner during the interview process. At the end of the process, both Harris and Steiner recommended that Wheat be hired for the position. The plaintiff never received a phone call informing her that she did not receive the position.

The plaintiff filed this action on June 5, 1997, alleging a claim under Title VII for race discrimination against the Board and a claim under 42 U.S.C. § 1983 against Steiner and Harris in their individual capacities. Although she testified that she had no complaints about how she was treated by Steiner and Wright, the plaintiff claims that the defendants discriminated against her on the basis of race by not promoting or retaining her and by hiring a less qualified white applicant. The plaintiff also maintains that she should not have had to go through the same application process as other applicants and that she should have received notification of the Board's decision.

## Analysis

The defendants have moved for summary judgment on both of the plaintiff's claims. First, the Board argues that summary judgment is due to be granted as to the Title VII claim. To survive a motion for summary judgment, the plaintiff must prove that the defendant intentionally discriminated against her.[2] To do this in the absence of direct evidence, the plaintiff must first establish a prima facie case.[3] Although the Board argues that the plaintiff has failed to establish a prima facie case, this court notes the Eleventh Circuit's recent holding that a plaintiff is not required, as part of the prima facie case, to establish that she was equally or more qualified than the successful job applicant.[4] Rather, the plaintiff must prove that she applied for and was qualified for the position, that she was rejected, and that the defendant filled the position with a

---

[2] *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

[3] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[4] *See Walker v. Mortham*, No. 95-2898, 1998 WL 751043, at *12-13 (11th Cir. Oct. 28, 1998).

3

white applicant.[5] In this case, the plaintiff has established a prima facie case.

The burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for not hiring the plaintiff.[6] The Board contends that it hired Wheat because she was a better candidate for the position. To overcome this reason, the plaintiff must establish that the Board's explanation is a pretext for race discrimination.[7] Although the plaintiff contends that she possessed superior qualifications, she has introduced no evidence establishing discriminatory intent. The plaintiff claims that her college degree, lesson plans, recommendation from a Board member, and college credits toward cosmetology and student instruction made her a more qualified applicant than Wheat. However, Wheat had lesson plans, recommendations, and credits toward a vocational education degree. She also impressed the defendants more in her interview. Nothing in the evidence establishes that the defendant's reason for not hiring the plaintiff was a pretext for race discrimination. Indeed, the fact that the defendants assisted the plaintiff with her last-minute application for the position weighs against a finding of intentional discrimination. Because the plaintiff has failed to overcome the defendant's legitimate nondiscriminatory reason, the motion for summary judgment as to the Title VII claim is due to be granted.

Defendants Steiner and Harris[8] also moved for summary judgment on the § 1983 claim,

---

[5] *See McDonnell Douglas*, 411 U.S. at 802.

[6] *See id.*

[7] *See id.* at 804.

[8] Although the complaint states a cause of action under § 1983 only against Steiner and Harris, the Board has addressed that claim as well. To the extent that the complaint states a § 1983 claim against the Board, summary judgment is due to be granted because the plaintiff has failed to allege an unconstitutional policy or custom that injured her. *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).

4

arguing that they are entitled to qualified immunity for the discretionary function of making hiring recommendations. Whether or not Steiner and Harris are entitled to qualified immunity depends on whether they engaged in conduct that violated clearly established statutory or constitutional rights of which a reasonable person would have known.[9] The plaintiff has failed to establish that Steiner and Harris violated her constitutional rights. Without the intent to discriminate, government actors cannot violate or be aware that they are violating a plaintiff's equal protection rights.[10] Because the plaintiff has produced no evidence showing that Steiner and Harris intended to discriminate against her, the plaintiff's § 1983 claim cannot survive summary judgment. No reasonable person in the defendants' position could have known that the recommendation to hire Wheat violated the plaintiff's clearly established constitutional rights. Thus, the defendants' motion for summary judgment as to the § 1983 claim against them is due to be granted.

For the reasons expressed above, the defendants' motion is due to be granted and the case is due to be dismissed with prejudice.

Date: _Nov. 10_, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
    Charles I. Brooks
    Burgin H. Kent

---

[9] *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[10] *See Mencer v. Hammonds*, 134 F.3d 1066, 1070 (11th Cir. 1998).